UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELINA RAZAVI,<br>　　　　Plaintiff,<br>　　v.<br>TARGET STORES,<br>　　　　Defendant. | Case No. 19-cv-07001-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE** |

Pro se plaintiff Melina Razavi filed a complaint and application to proceed *in forma pauperis* ("IFP") on October 25, 2019. Dkt. Nos. 1, 2. The Court granted Ms. Razavi's IFP application on November 14, 2019. Dkt. No. 4. Having screened the complaint pursuant to 28 U.S.C. § 1915(e), however, the Court finds that it lacks subject matter jurisdiction and that the complaint otherwise fails to state a claim upon which relief may be granted.

Although Ms. Razavi has consented to magistrate judge jurisdiction, unserved defendant Target Stores ("Target") has not. Dkt. No. 5. Absent the consent of all parties, this Court does not have jurisdiction to issue dispositive orders and must refer the case to a district judge. 28 U.S.C. § 636; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court directs the Clerk of the Court to reassign this matter to a district judge, with the following report and recommendation that the complaint be dismissed without prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

**REPORT AND RECOMMENDATION**

**I.　BACKGROUND**

Ms. Razavi says that she has disabilities relating to speech and mobility due to a stroke.

Dkt. No. 1 at 1. She also says that she is bedridden and unable to care for herself or engage in daily activities on her own. *Id.*

According to Ms. Razavi, on October 23, 2017, she visited a Target store located in San Jose, California. *Id.* She says she asked Target employees to retrieve a can of chili from the top shelf which she was unable to reach. *Id.* Ms. Razavi says that the staff refused to assist her, and that when she attempted to retrieve the can herself, it fell off the shelf and struck her leg, injuring her. *Id.* She also says that Target refused to provide her an electric cart for moving around in the store. *Id.*

Ms. Razavi filed this action on October 25, 2019. *Id.* She asserts that the Target employees' refusal to assist her in shopping and to provide her an electric cart was a denial of accommodation for her disability under Title II of the Americans with Disabilities Act as well as negligence, and she seeks "compensation . . . for injuries and damages, pain and suffering, legal costs, etc." *Id.* She also asks for "at least 6 months to complete [her] complaint and provide evidence on the case" due to her disabilities and homeless status. *Id.* at 2.

On November 14, 2019, the Court granted Ms. Razavi's IFP application and screened her complaint pursuant to 28 U.S.C. § 1915(e), finding that the complaint as currently pled does not state a claim on which relief may be granted. Dkt. No. 4. The Court gave Ms. Razavi until April 27, 2020—six months from the date she filed this action—to file an amended complaint. *Id.* at 7.

Ms. Razavi did not file an amended complaint by the April 27, 2020 deadline, nor did she timely seek relief from those deadlines.

**II.     LEGAL STANDARD**

The Court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a).

The Court has a continuing duty to dismiss a case filed without the payment of the filing fee under 28 U.S.C. § 1915(a) whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To make this

determination, courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a complaint (or portion thereof) should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

## III. DISCUSSION

### A. Form of the Complaint

A civil case is commenced by filing a complaint with the Court. Fed. R. Civ. P. 3. Rules 8, 10, and 11 of the Federal Rules of Civil Procedure describe the requirements for the form and contents of a complaint. Rule 10 provides that the complaint must have a caption that identifies the parties and separate, numbered paragraphs. Fed. R. Civ. P. 10. Rule 11 provides that the pleadings must contain a party's address, e-mail address, and telephone number. Fed. R. Civ. P. 11(a). Furthermore, by presenting a complaint to the Court, an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted

3

> by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).  Rule 8 provides that a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8.

Applying these pleading rules to Ms. Razavi's complaint, the Court finds that the complaint does not comply with Rules 8 and 10.  Specifically, the complaint lacks a caption; specific identification of the parties; separate, numbered paragraphs; a short and plain statement of the ground for jurisdiction; and a short and plain statement of the claim.

### B.  Subject Matter Jurisdiction

The federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized by the Constitution and Congress.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  The party seeking to invoke federal court jurisdiction (here, Ms. Razavi) has the burden of establishing that federal subject matter jurisdiction exists.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  The Court must presume it lacks jurisdiction until Ms. Razavi establishes otherwise.  *Id.*

Potential sources of subject matter jurisdiction in this case are: (1) federal question jurisdiction and (2) diversity jurisdiction.  Federal question jurisdiction is assessed under 28 U.S.C. § 1331.  The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (citations omitted).  Diversity jurisdiction is assessed under 28 U.S.C. § 1332.  The Court

4

considers the citizenship of each party to the lawsuit, and there must be "total diversity" of citizenship between each plaintiff and each defendant and the amount in controversy must exceed $75,000.

Applied here, it is difficult for the Court to assess subject matter jurisdiction due to the form of Ms. Razavi's complaint. As drafted, the complaint does not allege the citizenship of any party or an amount in controversy, so diversity jurisdiction is not satisfied. As to a federal question, the complaint mentions a potential issue that may arise under federal law (the Americans with Disabilities Act), but the Court cannot assess whether Ms. Razavi's complaint states a plausible claim for relief under this statute based on the existing allegations. *See infra* Section III.C.3.

The Court concludes that the initial complaint does not adequately invoke federal subject matter jurisdiction. It establishes neither a federal question nor diversity of citizenship. "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004).

### C. Americans with Disabilities Act

Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must plead: (1) that she is disabled within the meaning of the statutes, (2) that she is "qualified" to receive the benefits of services or to participate in a program or activity of a public entity, or a program or activity receiving federal financial assistance, and (3) that she is excluded from, is not allowed to benefit from, or has been subjected to discrimination in the program or activity because of her disability. *Id.* The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Ms. Razavi has pled that she is disabled within the meaning of the ADA—i.e., she states

that she is bedridden and has mobility and speech impairments due to a stroke, which are likely conditions that substantially limit one or more of her major life activities. However, the Court finds that Ms. Razavi has not stated a claim for relief under Title II of the ADA. Nothing in the complaint suggests that Target qualifies as a "public entity" within the meaning of 42 U.S.C. § 12132. A "public entity" includes "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *Id.* § 12131. The complaint is devoid of any allegations that Target is a state or local government agent.

To the extent Ms. Razavi's complaint can be construed as a claim under Title III of the ADA, that statute's anti-discrimination provision applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." *Id.* § 12182(a). To state a claim for a violation of Title III, a plaintiff must allege that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the defendant denied her public accommodations because of her disability. *Cullen v. Netflix*, 880 F. Supp. 2d 1017, 1023 (N.D. Cal. 2012) (quoting *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010)). Here, Ms. Razavi states that Target provides shopping assistance and electric carts to disabled people, but that certain of its employees refused to provide those accommodations to her specifically. However, she does not plead any facts to suggest that Target or specific employees refused to provide shopping assistance or an electric cart *because of* her disability. This defect applies equally to a Title II claim.

Accordingly, the Court finds that Ms. Razavi fails to state a claim under either Title II or Title III of the ADA.

### D. Plaintiff's Other Suits

A review of the public dockets reflects that over the past 14 years, Ms. Razavi has filed at least 19 actions in this District in addition to this one. The majority of these other cases were dismissed for reasons similar to those the Court has articulated above. *Razavi v. Holland et al.*, No. 5:04-cv-02515-RMW, Dkt. No. 42 (N.D. Cal. Mar. 23, 2006) (dismissing case for, among

other reasons, failing to timely file an amended complaint, failing to comply with Rule 4(m), and failing to comply with court orders); *Razavi v. Razavi et al.*, No. 5:05-cv-05298-JW, Dkt. No. 41 (N.D. Cal. Mar. 25, 2006) (dismissing case for failing to comply with Rule 4(m) and ignoring court orders); *Razavi v. Haefer et al.*, No. 5:06-cv-00473-JW, Dkt. No. 17 (N.D. Cal. Mar. 25, 2006) (same); *Razavi v. Seaman et al.*, No. 5:08-cv-05552-JW, Dkt. No. 25 (N.D. Cal. Oct. 21, 2009) (same); *Razavi v. Schluchter*, No. 3:15-cv-04354-VC, Dkt. No. 43 (N.D. Cal. Apr. 30, 2018) (dismissing for lack of jurisdiction); *Razavi v. Regis Corp. et al.*, No. 5:15-cv-02574-EJD, Dkt. No. 52 (N.D. Cal. July 5, 2016) (dismissed following settlement); *Razavi v. Wal-Mart Stores, Inc.*, No. 5:15-cv-04740-NC, Dkt. No. 48 (N.D. Cal. Oct. 3, 2016) (same); *Razavi v. Bendorf Drive Apartments et al.*, No. 5:16-cv-01388-BLF, Dkt. No. 51 (N.D. Cal. Aug. 28, 2017) (same); *Razavi v. Lucky Supermarket Corp. et al.*, No. 5:16-cv-04119-EJD, Dkt. No. 10 (N.D. Cal. Aug. 31, 2016) (dismissing without prejudice for lack of subject matter jurisdiction); *Razavi v. Lucky Supermarket Corp. et al.*, No. 5:16-cv-05140-EJD, Dkt. No. 14 (N.D. Cal. Oct. 25, 2016) (same); *Razavi v. Valley Medical Center et al.*, No. 5:16-cv-07000-EJD, Dkt. No. 33 (N.D. Cal. Oct. 19, 2017) (dismissing ADA claim without leave to amend for failure to state a claim and dismissing state law claims for lack of subject matter jurisdiction); *Razavi v. Coti et al.*, No. 5:17-cv-04341-BLF, Dkt. No. 18 (N.D. Cal. June 11, 2018) (dismissing ADA claim for failure to state a claim and declining to exercise supplemental jurisdiction over state law claims, with leave to amend); *Razavi v. Bendorf Drive Apartments et al.*, No. 5:17-cv-07304-BLF, Dkt. No. 41 (N.D. Cal. Jan. 15, 2019) (dismissing federal claims with prejudice under res judicata and dismissing state law claims without prejudice); *Razavi v. Holborn et al.*, No. 3:18-cv-07410-JST, Dkt. No. 10 (N.D. Cal. Apr. 9, 2018) (dismissing case with prejudice for failure to state a claim); *Razavi v. Strickland et al.*, No. 18-cv-01933-BLF, Dkt. No. 8 (N.D. Cal. July 16, 2018) (dismissing case without prejudice for failure to comply with Federal Rules of Civil Procedure 8 and 10 and for lack of federal subject matter jurisdiction); *Razavi v. Martins*, No. 3:17-cv-00717-JST, Dkt. No. 82 (N.D. Cal. Apr. 24, 2018) (dismissing complaint with prejudice for failure to state a claim); *Razavi v. Lew*, No. 5:16-cv-04969-EJD, Dkt. No. 11 (N.D. Cal. Oct. 25, 2016) (dismissing case without prejudice for lack of subject matter jurisdiction); *Razavi v. San Jose Police et al.*, No. 5:17-cv-

02088-EJD, Dkt. No. 10 (N.D. Cal. May 16, 2017) (dismissing case without prejudice for lack of subject matter jurisdiction); *Razavi v. Traffic Court of Santa Clara County*, No. 5:18-cv-06213-EJD, Dkt. No. 16 (N.D. Cal. Sept. 16, 2019) (dismissing case with prejudice for failure to state a claim upon which relief may be granted).  Ms. Razavi's pattern of filing complaints that fail to proceed past the pleadings stage and subsequently failing to amend or otherwise comply with Court-ordered deadlines or the Federal Rules of Civil Procedure suggests classification as a vexatious litigant may be warranted.

**IV.     CONCLUSION**

For the foregoing reasons, the Court directs the Clerk of the Court to reassign this action to a district judge and recommends that the newly assigned district judge dismiss without prejudice this action for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate order.

**IT IS SO ORDERED.**

Dated: May 4, 2020

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge